UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAWRENCE E. DAVIS, et al., | ) | CASE NO. 4:06 CV 2280 |
| | ) | |
| Plaintiffs, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE R. SCOTT KRICHBAUM, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 20, 2006, pro se plaintiff Lawrence E. Davis filed this action on behalf of himself and his family members Lauren Davis, Brianna Davis, Emoni Davis, Naudia Davis, Shaun Davis, Stephanie Davis, Lawrence R. Davis, Timothy Parker, Kamala Belton, Kendrick Mickel, Demond Belton, Deviel Jones, Champagne Jones, and fiancé Keva Belton against Judge R. Scott Krichbaum, Prosecutor Paul Gains, Assistant Prosecutor Terry Grenga, Officer Robert Patton, Betty Jagnow, Mark Brown, Debora Shaulis, the Youngstown Vindicator and the owners, general managers, newsroom editors, and reporters for WFMJ, WYTV, and WKBN. In the complaint, plaintiff alleges that false information regarding his crimes was published and broadcast in the local media. He seeks $ 100,000.00 for each plaintiff from each defendant.

**Background**

Mr. Davis states that television stations and newspapers in Youngstown, Ohio falsely reported that he had been selling cocaine in Austintown, Ohio. He claims that in court on December 8, 2005, Officer Robert Patton "denied he could prove these allegations;" however, the next day Officer Patton, Assistant Prosecuting Attorney Terry Grenga, and Judge R. Scott Krichbaum "all made statements to the media that Lawrence Davis was selling cocaine in Austintown." (Compl. at 3.) He contends that these statements were printed in the newspaper and broadcast on the local television stations. Mr. Davis states that this has made it difficult for his family to live in the Youngstown area. He asserts claims for violations of his right to freedom of speech, as well as state law claims for libel, slander.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Although Mr. Davis identifies fourteen people as additional plaintiffs, the complaint

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

contains only his signature. In general, a party may plead and conduct his or her case in person or through a licensed attorney. See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[2] An adult litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257 (W.D. Mich. 1990). Only Mr. Davis's signature appears on the pleading. There is no indication that Mr. Davis is a licensed attorney authorized to represent the remaining plaintiffs. Consequently, the only claims properly before this court are those of Lawrence Davis. This court will address only those claims.

As an initial matter, Mr. Davis has not set forth a colorable federal cause of action. Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Mr. Davis has failed to state a basis for federal jurisdiction. Although Mr. Davis has attempted to establish jurisdiction by asserting a claim under the First Amendment right to freedom of speech, that amendment is clearly inapplicable to the facts set forth

---

[2] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

in the pleading.  The First Amendment protects citizens from the government's infringement of constitutionally protected speech.  It does not give private citizens the right to restrict the speech of others. U.S. CONST. amend. I.  Mr. Davis's claims arise, if at all, under state tort law.  Federal question subject matter jurisdiction is not present.  Furthermore, Mr. Davis has not set forth any allegations to indicate that jurisdiction could be predicated upon diversity of citizenship.  Given the most liberal construction, the complaint presents no basis for federal jurisdiction and must be dismissed.

In addition, and as an alternate reason for dismissal of this action, it appears that a favorable resolution of these claims would call into question the validity of Mr. Davis's conviction.  He was convicted of five counts of trafficking cocaine under Ohio Revised Code § 2925.03(4) and was sentenced on December 28, 2005 to eleven years incarceration.[3]  He now seeks damages for statements made by the defendants pertaining to his alleged participation in the sale of cocaine in Austintown, Ohio.  A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would call into question his conviction or sentence, unless the conviction or sentence has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994).  The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief.  Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Plaintiff does not allege his conviction has been declared invalid by either an Ohio state court or a federal habeas corpus decision.  His claims must therefore be dismissed.

## Conclusion

---

[3] see http://www.drc.state.oh.us/OffenderSearch/Search.aspx

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

S/Peter C. Economus - 12/22/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[4]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.