**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE E. DAVIS, <u>et al.</u>, | ) | CASE NO. 4:06 CV 2280 |
| | ) | |
| Plaintiffs, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE R. SCOTT KRICHBAUM, <u>et al.</u>, | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |

Plaintiff Lawrence E. Davis has filed a "Motion for Reconsideration [and] New Trial Pursuant to Civil Rule 59 of the Federal Rules of Civil Procedure." (ECF# 8.) For the following reasons, the Motion is **denied**.

Mr. Lawrence filed a civil action on behalf of himself and his family members Lauren Davis, Brianna Davis, Emoni Davis, Naudia Davis, Shaun Davis, Stephanie Davis, Lawrence R. Davis, Timothy Parker, Kamala Belton, Kendrick Mickel, Demond Belton, Deviel Jones, Champagne Jones, and fiancé Keva Belton against Judge R. Scott Krichbaum, Prosecutor Paul Gains, Assistant Prosecutor Terry Grenga, Officer Robert Patton, Betty Jagnow, Mark Brown, Debora Shaulis, the Youngstown Vindicator and the owners, general managers, newsroom editors, and reporters for WFMJ, WYTV, and WKBN. He alleged that false information regarding his crimes was published and broadcast in the local media. He claimed the defendants violated his First

Amendment rights and committed libel, slander, and defamation of character.

On December 22, 2006, this Court issued its Memorandum of Opinion and Order dismissing the action.  The Court found that Mr. Davis, as the only plaintiff to sign the pleading, could not represent the other plaintiffs in this matter.  Mr. Davis's claims were dismissed on the ground that he failed to state a basis for federal jurisdiction.  His claims would arise, if at all, under state tort law, and diversity jurisdiction was not present.  "In addition, and as an alternate reason for dismissal of this action," Mr. Davis's claims required dismissal because a favorable resolution of these claims would call into question the validity of his conviction.  (Mem. of Op. and Order at 4.)  Mr. Davis now has filed a Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), seeking relief from the Court's decision.  Specifically, Mr. Davis alleges that he "has genuine issues of material facts germane to the case at bar which does not [sic] constitute an attact [sic] on his conviction." (Mot. at 1.)  He now asserts that his rights to equal protection and substantive due process were also violated by the defendants.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a Motion to Alter or Amend a Judgment.  Fed. R. Civ. P. 59(e).  The Sixth Circuit has determined, however, that a court should grant such a Motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted).  Consequently, Motions to Alter or Amend must rely on new information which was not readily available during the prior proceedings.  Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).  A Motion under Rule 59(e) is not an opportunity to re-argue a case nor is it a proper vehicle to "raise arguments

2

which could, and should, have been made before judgment issued." Id.

## II. ANALYSIS OF CLAIMS

As grounds for relief, Mr. Davis merely states that he has "genuine issues of material fact" which are relevant to this case and that he did not intend to attack his conviction.  This argument, however, misses the fact that his case was dismissed because this court lacked subject matter jurisdiction over his claims.  His Motion asserts no clear error of law, no newly discovered evidence, and no intervening change in controlling law which would support relief from judgment.  Moreover, his equal protection and substantive due process claims were not raised in his complaint.  The Court cannot consider claims which could have and should have been raised prior to judgment.  Id.

## III. CONCLUSION

For the foregoing reasons, the Court denies Mr. Davis's "Motion for Reconsideration [and] New Trial Pursuant to Civil Rule 59 of the Federal Rules of Civil Procedure."  (ECF# 8.)

**IT IS SO ORDERED.**

S/Peter C. Economus - 3/29/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

3